Robert A. SWARER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15806.

Court of Criminal Appeals of Oklahoma.

March 28, 1971.

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge.

Plaintiff in Error, Robert A. Swarer, hereinafter referred to as Defendant, was charged with co-defendant, Robert A. Thomas, on January 15, 1968, with the crime of Conjoint Burglary, In The Second Degree, After Former Conviction of a Felony, in case No. 23124. On the 23rd day of January, 1968, after a preliminary examination on January 23, 1968, Defendant was bound over to stand trial in the District Court of Tulsa County. On March 13, 1968, Defendant and his attorney jointly executed a waiver of Defendant's right to a trial by jury. On June 27th, with his attorney being present, Defendant entered his plea of guilty to the crime, as charged. After the trial court was satisfied that Defendant knowingly and intelligently entered his plea of guilty, judgment and sentence was imposed, and Defendant was sentenced to a term of six (6) years under the direction and control of the State Department of Corrections. Defendant's right to appeal from that judgment and sentence was explained to him by the court and the court then suspended the execution of defendant's sentence. The record reflects that prior to suspending defendant's sentence, the trial court set out the conditions of the suspended sentence, and sufficiently interrogated defendant to assure that he understood those conditions.

On June 2nd, 1969, an Application to Revoke Suspended Sentence was filed in the District Court of Tulsa County. The Application to Revoke contained numerous alleged incidents which it was asserted violated the conditions of suspension set out by the trial court. After a hearing was had on the application, the trial court revoked defendant's suspended sentence and defendant was committed to the custody of the State Department of Corrections.

The only question offered by this Post Conviction Appeal concerns the sufficiency of "competent evidence" to justify the trial court's revocation of defendant's suspended sentence.

After reviewing the record and briefs submitted we find that there was sufficient, competent evidence presented at defendant's hearing on the Application to Revoke the Suspended Sentence.

We therefore affirm the judgment and sentence as assessed by the District Court of Tulsa County, in that court's case No. 23124; and we affirm the trial court's action in revoking the suspended sentence.

BUSSEY, P. J., and NIX, J., concur.